HARTZ, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority opinion’s disposition of the equal-protection claim, but I respectfully dissent from the affirmance of dismissal of the Fourth Amendment claim.
In the majority opinion, reasonable suspicion for the stop of Plaintiff rests on Officer Downs’s knowledge that the apartment building was used for drug trafficking. The opinion notes that Plaintiff has not set forth any evidence to question that knowledge. But in a summary-judgment proceeding the nonmovant has no burden to produce evidence unless the movant’s evidence, when viewed in the light most favorable to the nonmovant, establishes that there is no genuine issue of material fact. See Combs v. Pricewaterhousecoopers, 382 F.3d 1196, 1199 (10th Cir.2004). Here, the majority opinion has failed to view the evidence in the light most favorable to Plaintiff.
The only evidence that Officer Downs had reasonable grounds to believe the *72 apartment building was the scene of drug trafficking is one sentence in his affidavit. That affidavit, executed 19 months after Plaintiffs arrest, includes the assertion, “I know the apartment building located approximately at 300 South Cheyenne is used for drug trafficking.” R. Doe. 30 115. The majority opinion infers from this statement that Downs had this knowledge at the time of the arrest. Perhaps so. That would be a reasonable inference. But it would also be reasonable to infer that Downs gained his knowledge well after Plaintiffs arrest, as a result o/the investigation that included Downs’s surveillance on the night in question, not before the arrest. To construe the affidavit as does the majority opinion is to invite abuse in future cases, when intentionally ambiguous affidavits may be used to deceive the court.
This is a frustrating case. I would be surprised if Officer Downs did not have the requisite reasonable suspicion to stop and handcuff Plaintiff. Careful work by his counsel would have made that clear on the record before the district court on the summary-judgment motion. The affidavit, however, does not meet that standard. And the Rules of Civil Procedure do not permit us to correct counsel’s failure.
My hope is that this case is just a “derelict on the waters of the law,” Lambert v. California, 355 U.S. 225, 232, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957) (Frankfurter, J., dissenting), and does not presage fact finding by the court on summary-judgment motions. See generally Arthur R. Miller, The Pretrial Rush to Judgment: Are the “Litigation Explosion,” “Liability Crisis,” and Efficiency Clichés Eroding our Day in Court and Jury Trial Commitments?, 78 NYU L. Rev. 982 (2003).